UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>LIFEQUOTES OF AMERICA, INC., and JERRY COOPER, INC., d/b/a COLOR ONE PHOTOLAB,<br><br>                Defendants. | NO. CV-06-0228-EFS<br><br>**ORDER RULING ON MOTIONS TO STRIKE, GRANTING COOPER'S RULE 56(f) MOTION TO SUSPEND SUMMARY JUDGMENT MOTIONS, AND SETTING STATUS CONFERENCE** |

    A telephonic hearing was held on November 15, 2007, in the above-captioned matter. Before the Court were Plaintiff Utica Mutual Insurance Co.'s (Utica) Motion to Strike (Ct. Rec. 77) and Defendant Jerry Cooper, Inc.'s (Cooper) Motions to Strike (Ct. Rec. 82) and Rule 56(f) Motion to Suspend Summary Judgment Motions (Ct. Rec. 108). James Derrig, Thomas Stratton, and Lon Beck appeared on behalf of Utica; Frederick Schoepflin, Mark Griffin, and Margaret Wetherald appeared on behalf of Cooper. After hearing from counsel and reviewing the submitted material and relevant authority, the Court is fully informed; this Order serves to supplement and memorialize the Court's oral rulings on the motions to strike and to grant the requested discovery continuance.

///

ORDER ~ 1

## A. Background

LifeQuotes of America, Inc. (LifeQuotes) was an insurance agent that provided insurance provider rates and information to potential insureds. LifeQuotes contracted with Fax.com to send advertisements by fax to potential insureds. In 2001, however, Fax.com was court ordered to stop sending unsolicited advertisements.

Based on its advertising contract with Fax.com, LifeQuotes was sued for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227. One of these lawsuits was brought by Cooper in King County Superior Court. After receiving an order of default against Lifequotes, Cooper sent a copy of this order to Utica, Lifequotes' insurer. Upon notification of the lawsuit, Utica informed Paul Piubeni, Lifequotes' president, that it would not defending or indemnifying LifeQuotes. Approximately six weeks later, Utica reconsidered and advised LifeQuotes that it would defend LifeQuotes in the Cooper state court action under a reservation of rights. Utica then filed the instant action seeking declaratory relief that it has no duty to defend or indemnify LifeQuotes.

Joanne Blackburn, an attorney retained by Utica to defend Lifequotes in the Cooper state court action, successfully set aside the default order. Thereafter, King County Superior Court Judge Dean Lum certified the Cooper lawsuit as a class action. Cooper and LifeQuotes reached a tentative settlement agreement whereby Cooper would receive all of LifeQuotes' claims against Utica in exchange for $10 million, subject to a covenant that Cooper would not execute any judgment against LifeQuotes, Mr. Piubeni, or his family. Utica intervened to oppose the

ORDER ~ 2

settlement agreement. After a hearing, Judge Lum concluded the settlement was unreasonable. Judge Lum subsequently entered an $8,949,000.00 judgment against LifeQuotes; this amount was based on the number of unsolicited faxes received by prospective insureds, not the number of unsolicited faxes sent by Fax.com.

In this action, the parties filed dispositive motions asking the Court to determine whether coverage for Cooper's claims exist under Utica's insurance policies and whether Utica engaged in bad faith. In connection with the dispositive motions, motions to strikes were filed. The Court ruled on the motions to strike at the November hearing for the reasons stated on the record and memorialized herein. After the dispositive motions were fully briefed, Cooper sought to continue the dispositive motions hearing in order to conduct discovery related to the recently-discovered Fax.com invoices; this is because the invoices set forth a significantly larger number of unsolicited faxes received than the number told to Judge Lum. After discovering this documentation, Cooper presented it to Judge Lum, who entered a Supplemental Judgment in the amount of $86,252,500.00, thereby achieving a total judgment of $95,201,500.00 against LifeQuotes.

**B.   Utica's Motions to Strike**

The Court grants in part and denies in part Utica's Motions to Strike. The Court declines to strike Exhibit I or J to the Griffin Declaration (Ct. Rec. 57); however, the second sentence of ¶ 26 in Cooper's Statement of Specific Facts (Ct. Rec. 56) makes an impermissible inference because it infers a conclusion from non-privileged information concerning privileged information. Therefore,

ORDER ~ 3

the Court strikes the second sentence of ¶ 26. Also, because the parties agree that the term "professional services" is unambiguous, the Court strikes the Lanning Declaration (Ct. Rec. 58) as inadmissible parol evidence.

**B.   Cooper's Motion to Strike**

The Court denies Cooper's motion. First, the Court declines to strike the Walters Declaration and attached June 29, 2006, letter (Ct. Rec. 64) because Utica did not gain any strategic advantage and Cooper was not substantially harmed by the letter's late disclosure. Second, the Court declines to strike the tender argument raised in Utica's reply (Ct. Rec. 63 pp. 2-4) because Utica presented this issue to rebut an argument raised in Cooper's response (Ct. Rec. 55). Lastly, the Court declines to strike Utica's Supplemental Submission (Ct. Rec. 65) because *Woo v. Fireman's Fund Insurance Co.*, 161 Wash. 2d 43 (2007), was not decided until July 2007; Cooper had an opportunity to address *Woo* in its own cross-motion for summary judgment; and Utica's reply and supplemental brief together comply with Local Rule 7.1(f)'s twenty-page limitation for dispositive memorandum. For these reasons, the Court denies Cooper's Motion to Strike.

**C.   Cooper's Rule 56(f) Motion to Suspend Summary Judgment Motions**

Upon discovering the Fax.com invoices in the fall of 2007 (after the dispositive motions were fully briefed) and learning of a possible non-disclosure of these invoices by Utica and Ms. Bradburn in the state court action, Cooper filed a motion pursuant to Federal Rule of Civil

ORDER - 4

Procedure 56(f)[1] to conduct discovery regarding the scope of the nondisclosure of the Fax.com invoices and the information contained therein regarding the number of unsolicited faxes received. Cooper contends that the failure to disclose the Fax.com invoices may constitute bad faith on Utica's part and, therefore, wishes to depose Ms. Blackburn, Ms. Blackburn's associate, as well as Utica's coverage counsel, national counsel, and claims professionals.

Utica opposes the continuance request on the grounds that the motion is untimely and Cooper cannot satisfy Rule 56(f) requirements because Cooper is not a proper moving party and Cooper is not seeking to discover "essential" facts. The Court is not persuaded by Utica's arguments and grants Cooper's motion for the reasons set forth below.

First, the Court finds the motion timely even though "a Rule 56(f) motion normally should precede or accompany the response to the summary judgment motion." *Mass. Sch. of Law, Inc. v. Am. Bar Ass'n*, 142 F.2d 26, 44 (1st Cir. 1998). Cooper filed the Rule 56(f) motion upon receipt of the Fax.com invoices, which was after the pending dispositive motions were fully briefed. Second, the Court concludes Cooper is a proper moving party under Rule 56(f) because it is seeking discover facts to oppose Utica's summary judgment motions. Lastly, the Court finds Cooper

---

[1] Federal Rule of Civil Procedure 56(f) states:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) deny the motion;
    (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
    (3) issue any other just order.

ORDER ~ 5

is seeking to conduct discovery into essential facts. The Fax.com invoices clearly set forth the number of received faxes - a number that was critical to Judge Lum's decision to not accept the negotiated settlement between LifeQuotes and Cooper, a settlement objected to by Utica. Whether Utica objected to the negotiated settlement with knowledge that there was documentary evidence that the number of received unsolicited faxes was significantly larger than that told to Judge Lum is a fact essential to whether Utica engaged in bad faith.

"[A]n insurance company's duty of good faith rises to an even higher level than that of honesty and lawfulness of purpose toward its policyholders; an insurer must deal fairly with an insured, giving equal consideration *in all matters* to an insured's interests." *Tank v. State Farm Fire & Cas. Co.*, 105 Wn. 2d 381, 386 (1986). If an insurer fails to settle within policy limits, the insurer may breach the duty of good faith. *Id.* at 387. In addition, Utica had a duty to retain competent defense counsel for LifeQuotes and "refrain from engaging in any action which would demonstrate a greater concern for [its] monetary interest than for [Lifequotes'] financial risk." *Id.* at 388; *see also Mut. of Enumclaw v. Dan Paulson Constr.*, 1161 Wn. 2d 903 (2007). Here, the negotiated settlement likely exceeded the policy limits; however, the negotiated settlement provided Mr. Piubuni and his family a complete release and was significantly less than the judgment to be incurred by LifeQuotes if the Fax.com invoices were used to determine the number of received unsolicited faxes. Whether an insurer engages in bad faith by knowingly exposing an insured to extraordinary excess liability need not be resolved today; at this time, it is sufficient that the Court finds

ORDER ~ 6

discovery into the scope of the nondisclosure relating to the Fax.com invoices is necessary.

A discovery continuance on this issue is critical before the Court rules on both the coverage and the bad faith motions for summary judgment because, if Utica is found to have engaged in bad faith, it is estopped from denying coverage. *See Safeco Ins. Co. of Am.*, 118 Wn. 2d at 392. In addition, Utica then may be liable for the judgment against LifeQuotes. *See Besel v. Viking Ins. Co. of Wisconsin*, 146 Wn. 2d 730, 735 (2002). Accordingly, Cooper's motion is granted. The parties shall meet and confer, in advance of the April 17, 2008, status conference, to develop a discovery plan.

**D.   Cooper's Motion to Seal Document Pursuant to Rule 26(B)(5)(B)**

Cooper seeks leave to file document No. ULCF000974-976 under seal. Given the substance of the document, the Court finds the sealing of the document serves the compelling interest of protecting claimed work product and that absent sealing there is a substantial probability that this compelling interest would be harmed. *See Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990) (citing *Press-Enter. Co. v. Sup. Ct. of Cal.*, 478 U.S. 1, 13-14 (1986)). Accordingly, Cooper's motion to seal is granted.

For the reasons given above, **IT IS HEREBY ORDERED**:

1.   Utica's Motion to Strike **(Ct. Rec. 77)** is **GRANTED IN PART and DENIED IN PART**.

2.   Cooper's Motion to Strike **(Ct. Rec. 82)** is **DENIED**.

3.   Cooper's Rule 56(f) Motion to Suspend Summary Judgment Motions **(Ct. Rec. 108)** is **GRANTED**.

ORDER ~ 7

4. A telephonic Status Conference is set for **April 17, 2008, at 9:30 a.m.** Counsel are to call the Court's public conference line at 509-376-8880; the use of cell phones is prohibited. Fourteen days in advance of this hearing, counsel are to file a joint status certificate that includes the following:

    a. a list of discovery to be completed, along with suggested completion dates;

    b. suggested dates for dispositive motion hearing, pretrial conference, and trial; and

    c. discovery issues needing to be resolved by the Court.

5. The dispositive motions **(Ct. Recs. 44, 66, & 71)** are **STRICKEN** with leave to renote for hearing following completion of discovery.

6. Cooper's Motion to Seal Document Pursuant to Rule 26(B)(5)(B) **(Ct. Rec. 128)** is **GRANTED**. Cooper is directed to immediately file under seal document No. ULCF000974-976.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies of this Order to counsel.

**DATED** this  28th   day of February, 2008.

                                          s/Edward F. Shea
                                          EDWARD F. SHEA
                              UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\0228.56fcont.wpd

ORDER ~ 8