UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>           v.<br><br>LIFEQUOTES OF AMERICA, INC., and JERRY COOPER, INC., d/b/a COLOR ONE PHOTOLAB,<br><br>             Defendants. | NO.  CV-06-0228-EFS<br><br>**ORDER GRANTING AND DENYING IN PART GTH'S MOTION FOR PROTECTIVE ORDER AND RULING ON DISCOVER-ABILITY OF DOCUMENTS SUBMITTED FOR *IN CAMERA* REVIEW** |

      A hearing occurred in the above-captioned matter on December 9, 2009. Joanne Blackburn appeared on behalf of non-party Gordon Thomas Honeywell LLP (GTH). Syed Ahmad and Kathleen Nelson appeared on behalf of Plaintiff Utica Mutual Insurance Co. (Utica). Defendants Lifequotes of America, Inc. and Jerry Cooper, Inc. were represented by Mark Griffin and Margaret Wetherald. Before the Court was GTH's Motion for Protective Order (Ct. Rec. 198). Also, before the Court, were claimed work-product and attorney-client privileged documents that had been submitted by Utica for a Court-ordered *in camera* review to determine whether such documents must be disclosed to Defendants. After reviewing the submitted material and relevant authority and considering counsels' oral arguments, the Court is fully informed. For the reasons given below, the Court grants and denies in part GTH's motion and requires

ORDER ~ 1

disclosure of the below-identified *in camera* documents.

**A. Background**

On March 16, 2009, the Court granted Defendants' motion to compel and ordered Utica to disclose 1) Category 1 documents: documents between defense counsel, LifeQuotes, and Utica; 2) Category 2 documents: Utica's internal communications, including communications between claims professionals; and 3) Category 5 documents: communications involving bankruptcy counsel. (Ct. Rec. 179.) The Court also required Utica to submit unredacted Category 3 documents (documents maintained in the defense claims file pertaining to communications between Utica and Seattle coverage counsel) and Category 4 documents (communications between Utica and national counsel). *Id.* GTH was not involved in the briefing or oral argument presented in connection with this motion.

In June 2009, while the Court was considering the Category 3 and 4 documents in camera, Defendants issued subpoenas duces tecum to Ms. Blackburn, GTH, and the law firm Ms. Blackburn previously worked at, which sought:

> All documents and electronically stored information related in anyway to the Underlying, Omerza and Dubsky Actions including, without limitation, all pleadings, correspondence, e-mails, other communications, attorney notes, memoranda, policies, research bills for attorneys' fees and costs, and all documents provided to you by Lifequotes, Mr. Paul Piubeni, and/or PJP Insurance.

GTH produced responsive documents and electronically-stored information (ESI) but objected to producing documents and ESI concerning Paul Piubeni's communications relating to his personal liability exposure and the impact, if any, if he filed for bankruptcy that he had with a) Ms.

ORDER ~ 2

Blackburn, defense counsel retained by Utica to represent LifeQuotes[1] in the underlying state-court action, and b) Utica-retained bankruptcy attorney Charles Robinson. Specifically, GTH contends that the following documents are protected by either the attorney-client privilege or work-product doctrine: a) report letters and e-mails from defense counsel to Utica and Mr. Piubeni relating to Mr. Piubeni's personal liability exposure; b) communications between defense counsel and Mr. Piubeni relating to Mr. Piubeni's personal liability exposure, and c) Ms. Blackburn's billing statements for defending LifeQuotes in the underlying state-court action submitted to Utica.

**B. Legal Authority and Analysis**

　　1. <u>GTH's motion</u>

First, the Court highlights that its discovery rulings only apply in this federal lawsuit. Second, pursuant to Federal Rule of Civil Procedure 26,[2] Defendants may obtain any non-privileged information that is relevant to their breach of insurance contract claim and related bad-faith claim. Previously, the Court ruled that information relating to

---

[1] Mr. Piubeni was the sole shareholder of LifeQuotes.

[2] Rule 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

ORDER - 3

what Utica personnel or counsel knew about the Fax.com invoices and the liability that Lifequotes and Mr. Piubeni faced and when such knowledge was obtained are relevant to Defendants' bad faith allegations. After reconsidering these issues in light of GTH's arguments, the Court abides by this relevancy finding. Yet, the Court concludes that GTH satisfied its burden of proving that communications relating to Mr. Piubeni's personal liability exposure that were between a) Mr. Piubeni and Ms. Blackburn, b) Ms. Blackburn and Mr. Robinson, *or* c) Mr. Piubeni and Mr. Robinson are protected by the attorney-client privilege. RCW 5.60.060. This privilege, however, is waived for any such communication or documentation that was shared with Utica. *See generally In re Bevill, Bresler & Schultman Asset Mgmt. Corp.*, 805 F.2d 120 (3d Cir. 1986) (allowing discovery of communications during meetings of corporate officers and counsel because both personal and corporate legal advice were sought and no joint defense pursued). Because there is no evidence that Mr. Piubeni and Utica agreed to pursue a joint defense strategy or shared a common interest relating to Mr. Piubeni's personal liability, any disclosure to Utica of attorney-client privileged communications concerning Mr. Piubeni's personal liability waived the privilege. *See id.; Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 2007 WL 1185680, at *1-2 (W.D. Wash. 2007).

 Nonetheless, the Court concludes GTH need not disclose unredacted copies of its billing statements to Utica; the redacted billing statements filed on December 16, 2009, are sufficient. (Ct. Rec. 222.)

 For the above reasons, GTH's motion for a protective order is granted and denied in part.

ORDER ~ 4

Case 2:06-cv-00228-EFS   Document 224   Filed 12/22/09

2.  <u>In camera review</u>

After reviewing the submitted Category 3 and 4 documents in camera, the Court orders Utica to disclose:

- Bates Nos. UCLF 001442-001456. The coverage opinion letter's work-product protection is waived by its inclusion in the defense claims file.
- The May 1, 2006 entry on Bates No. ULCF 001832.
- Bates Nos. U00005-U00006, U10000-U10004, U10006, U10007-U10009, U10010-U10011, and U10012-U10013 because the attorney-client privilege was implicitly waived by Utica's argument that it intervened in good faith in the settlement proceedings.
- Bates Nos. UCLF 001659-001664 *but* only the March 8, 2007 to March 12, 2007 entries and the March 26, 2007 to March 30, 2007 entries because the attorney-client privilege was implicitly waived by Utica's argument that it intervened in good faith in the settlement proceedings. In addition, only the description need be disclosed; the time and fee need not be disclosed.

The claimed privileges and protections apply to the other documents submitted in camera and therefore the other documents need not be disclosed.

**C.  Conclusion**

Accordingly, **IT IS HEREBY ORDERED**:

1.  GTH's Motion for Protective Order **(Ct. Rec. 198)** is **GRANTED and DENIED IN PART**. GTH shall produce the following documents in

ORDER ~ 5

response to the subpoena duces tecum **no later than January 6, 2010**:

All documents and electronically stored information related in anyway to the Underlying, Omerza and Dubsky Actions including, without limitation, all pleadings, correspondence, e-mails, other communications, attorney notes, memoranda, policies, research bills for attorneys' fees and costs, and all documents provided to you by Lifequotes, Mr. Paul Piubeni, and/or PJP Insurance *unless* it a) relates to Mr. Piubeni or PJP's liability exposure and b) was not disclosed to Utica.

2.   Utica shall disclose the above-listed Bates-stamped documents no later than **January 6, 2010.**

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ___22nd___ day of December 2009.


                         s/Edward F. Shea
                         EDWARD F. SHEA
                    UNITED STATES DISTRICT JUDGE


Q:\Civil\2006\0228.prot.order.incamera.wpd

ORDER - 6