UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>      v.<br><br>LIFEQUOTES OF AMERICA, INC., and JERRY COOPER, INC., d/b/a COLOR ONE PHOTOLAB,<br><br>               Defendants. | NO. CV-06-0228-EFS<br><br>**ORDER RULING ON MOTIONS HEARD AT THE FEBRUARY 7, 2011 HEARING** |

A hearing occurred in the above-captioned matter on February 7, 2011, in Richland. Plaintiff Utica Mutual Insurance Company ("Utica") was represented by Lon Berk, Sergio Oehninger, and Grant Degginger. Defendant Jerry Cooper, Inc. ("Cooper") was represented by Margaret Wetherald and Mark Griffin. Before the Court were Defendant Cooper's Motion for Protective Order Re: Rule 30(b)(6) Deposition of Cooper, d/b/a Color One Photolab (ECF No. 317), Cooper's Motion for Protective Order (ECF No. 335), Cooper's Motion to Compel (ECF No. 344), and Utica's Motion for Sanctions (ECF No. 349). After reviewing the submitted material and relevant authority and hearing from counsel, the Court was fully informed. This Order supplements and memorializes the Court's oral rulings: the Court grants and denies in part Cooper's two protective-

ORDER ~ 1

order motions, denies Cooper's motion to compel, and denies with leave to renew Utica's motion for sanctions.

**A. Defendant Cooper's Motion for Protective Order Re: Rule 30(b)(6) Deposition of Jerry Cooper, Inc., d/b/a Color One Photolab**

Defendant Cooper asks the Court for an order preventing Utica's request for a Rule 30(b)(6) deposition of Jerry Cooper, Inc. d/b/a Color One Photolab ("Cooper") because 1) Cooper has never had independent knowledge of the information sought, 2) the deposition invades attorney-client privilege and work product, 3) it would constitute an extreme burden and be inefficient, and 4) Cooper has already responded to discovery on the same issues.[1] Utica opposes the motion and asks the Court to either 1) order a Cooper designee to submit to a deposition, or 2) preclude Cooper from introducing evidence or testimony on the matters listed in Utica's Rule 30(b)(6) notice. Utica also asks the Court to award the reasonable expenses and attorneys' fees it incurred in opposing this motion.

1. Background

Cooper is the class representative of the certified class in *Jerry Cooper, Inc. d/b/a Color One Photolab v. Lifequotes of America, Inc.*, Case No. 04-02-40304-9-SEA (King Cnty. Sup. Ct.) ("the Underlying Action"). Cooper is also a Defendant in this action as the owner of LifeQuotes' coverage and bad faith claims against Utica on the class' behalf.

///

---

[1] Before Cooper filed the motion, the parties adequately telephonically conferred on two occasions. LR 37.1.

ORDER ~ 2

On May 13, 2009, Utica issued a Rule 30(b)(6) notice to Cooper; Utica issued a revised notice on November 15, 2010. (ECF No. 320-2). This notice asks Cooper's Rule 30(b)(6) designee to answer questions on the following topics:

1. The Underlying Action.
2. Communications concerning settlement of the Underlying Action.
3. Information about LifeQuotes' assets.
4. Any notice provided to members of the class Cooper claims to represent.
5. Any retainer agreement between Cooper and Keller Rohrback LLP, Riddell Williams, P.S., or Williamson & Williams.
6. The *Dubsky*, *Lin*, *Omerza*, *Ehat* and *USA Tax Law Center* lawsuits.
7. The Utica policies, including applications.
8. Any insurance policies issued by other insurers covering LifeQuotes.
9. Communications between Cooper and LifeQuotes or Paul Piubeni.
10. Communications between LifeQuotes and Utica.
11. Communications between Mr. Piubeni and Utica.
12. Communications between Cooper and Utica.
13. LifeQuotes' bankruptcy filing and proceeding.
14. Mr. Piubeni's bankruptcy filing and proceeding.
15. Cooper's knowledge of the automatic stay concerning litigation against LifeQuotes.
16. Cooper's affirmative defenses and counterclaim.
17. The damages sought by Cooper in this action.
18. Cooper's responses to Utica's discovery requests, including without limitation Cooper's efforts to locate, compile, and produce documents responsive to Utica's discovery requests in this action.
19. Any actual or proposed settlement demand and settlement negotiations made in connection with the Underlying Action, including all discussions about any actual or proposed settlement or settlement negotiations.
20. Cooper's willingness to settle the underlying claims for policy limits, and its valuation of any settlement with and the exposure faced by LifeQuotes.
21. LifeQuotes' assets before the Underlying Action, during the Underlying Action, and before and after any judgment was entered in the Underlying Action.
22. The representations made by Cooper at the March 9, 2007 proceedings in the Underlying Action before the Honorable Dean S. Lum.

(ECF No. 320-2.)

Cooper is a small specialty photo laboratory in Pioneer Square in Seattle. Jerry Cooper has owned and operated the lab for more than thirty

ORDER ~ 3

years. (ECF No. 319.) In 2004, Mr. Cooper contacted Keller Rohrback LLP about receiving unsolicited faxes. *Id.* Since then, he has met with counsel periodically. *Id.* Mr. Cooper is seventy-one and no longer works full days at his business given that he is "concerned that I do not remember things as well as I used to." *Id.* Mr. Cooper only has independent knowledge on topic No. 5 (retainer agreement). *Id.*

2. <u>Standard</u>

Federal Rule of Civil Procedure 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

(Emphasis added.)

The designee's role is to provide the entity's interpretation of events and documents. *United States v. J.M. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available. *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005) (recognizing that a Rule 30(b)(6) deposition represents the entity's knowledge and not that of the individual deponent). The designee may become educated by reasonably obtaining information from documents, past employees, or other

ORDER ~ 4

sources. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008).

Yet, courts have recognized that a designee need not be deposed on matters that are more reasonably inquired into by other forms of discovery. *J.M. Taylor*, 166 F.R.D. at 362 n.7. Also, courts have declined to require a Rule 30(b)(6) deposition on matters that would inevitably invade attorney work product. *EEOC v. McCormick & Schmick's*, No. WMN-08-CV-984, 2010 WL 2572809, 6 (D. Md. June 22, 2010); *see also In re Linerboard Anti-Trust Litig.*, 237 F.R.D. 373, 380 (E.D. Penn. 2006) (recognizing that a Rule 30(b)(6) deposition may improperly be used as a maneuver to discover facts within the attorney's knowledge without asking counsel directly).

3. <u>Authority and Analysis</u>

The Court disagrees with Cooper's suggestion that Mr. Cooper need only answer questions relating to No. 5 (retainer agreement). *See Bd. of Trustees of Leland Stanford Jr. Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (Rule 30(b)(6) deponent has an obligation to educate himself as to matters regarding the entity). Yet, the Court finds a number of the topics are not topics upon which Cooper (the entity) has a basis for knowledge: Nos. 3 (information about LifeQuotes' assets), 7 (Utica's policies), 8 (insurance policies issued by other insurers covering LifeQuotes), 10 (communications between LifeQuotes and Utica), 11 (communications between Mr. Piubeni and Utica), 13 (LifeQuotes' bankruptcy filing and proceeding), 14 (Mr. Piubeni's bankruptcy filing and proceeding), and 21 (LifeQuotes' assets). Cooper and the class are strangers to the contractual relationship between LifeQuotes and Utica.

ORDER ~ 5

Accordingly, Utica must engage in other forms of discovery to obtain this information.

The Court agrees with Cooper that questions on the remaining topics inevitably will invade attorney-client privilege or work-product information. The Court previously ruled, however, that Cooper's filing of a bad-faith counterclaim waived the attorney-client privilege and work-product protections as to settlement information in the Underlying Action because Utica needs access to this information to disprove that LifeQuotes was not harmed by Utica's alleged failure to engage in a good faith effort to affect settlement. (ECF No. 329.) Therefore, because the attorney-client privilege and work-product protection are waived as to the Underlying Action's settlement information, communications, and documents, the following topics are "on the table" during the Rule 30(b)(6) deposition: Nos. 1 (*Cooper* lawsuit in part: as it relates to settlement information and retainer agreement), 2 (communications concerning settlement of Underlying Action), 5 (retainer agreement), 19 (actual or proposed settlement demand and negotiations in the Underlying Action), 20 (Cooper's willingness to settle underlying claims), and 22 (representations by Cooper at March 9, 2007 proceeding). While Mr. Cooper declared that he has only personal knowledge of the retainer agreement (No. 5) (ECF No. 319 ¶ 6), the Court believes that Cooper counsel in the Underlying Action must have discussed with him topic Nos. 1, 2, 19, 20, and 22 to confirm his understanding and to obtain his approval before taking action. Therefore, it should not be difficult for Cooper counsel to reacquaint him with those discussions and prepare him for a Rule 30(b)(6) deposition about them. Additionally, a Rule 30(b)(6)

ORDER ~ 6

designee does not need to answer questions based solely on his personal knowledge; rather, the designee must engage in reasonable information gathering in order to answer questions about the entity's knowledge. *See Int'l Ass'n of Machinists*, 390 F. Supp. 2d at 487.

The Court recognizes that there are likely discoverable facts as to each of the remaining topics: Nos. 1 (remainder of *Cooper* lawsuit information), 4 (notice to class members), 6 (other lawsuits), 9 (communications between Cooper and LifeQuotes/Mr. Piubeni), 12 (communications between Cooper and Utica), 15 (Cooper's knowledge of automatic litigation stay), 16 (Cooper's affirmative defenses and counterclaim), 17 (damages sought by Cooper), and 18 (Cooper's responses to Utica's discovery requests). However, the attorney-client privilege and work-product protections have not been waived as to these matters and questions into these topics will inevitably lead to attorney-client privileged and work-production information. *See EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994) ("[T]he selection and compilation of relevant facts . . . is at the heart of the work product doctrine."). Accordingly, if Utica has not already done so, it is free to obtain the relevant non-protected information through other forms of discovery. *See Buntrock*, 217 F.R.D. at 446 (quashing a Rule 30(b)(6) notice which sought inevitably to discovery counsel's mental impressions and where the facts themselves were obtainable by other sources).

Accordingly, the Court grants and denies in part Cooper's motion: Mr. Cooper (or another designee) is to testify as to topic Nos. 1 (in part), 2, 5, 19, 20, and 22; the Court denies Utica's request for fees.
///

**B.   Cooper's Motion for Protective Order**

Cooper asks the Court to preclude Utica from deposing Margaret Wetherald because she was not counsel of record in the Underlying Action and there are other ways to obtain the facts Utica seeks.[2] Utica opposes the motion, contending that the evidence shows that Ms. Wetherald was involved in settlement-related matters concerning the Underlying Action.

1.   <u>Background</u>

In the Underlying Action, Cooper was represented by Keller Rohrback LLP partners Mark Griffin and Fred Schoepflin, along with Rob Williamson of Williamson and Williams. At some point during the Underlying Action, a decision was made by Cooper's counsel to contact Ms. Wetherald given her experience relating to insurance coverage and litigating complex commercial matters.

On January 10, 2007, Ms. Wetherald sent an email to Cooper's Underlying Action counsel, stating:  "[g]iven that you would take substantially less than policy limits in cash, you may want to open the offer below $6 million . . . ."  (ECF No. 336-1.)  Before and after this date, Ms. Wetherald had been cc'd on letters and emails which discussed settlement and judgment offers, such as an April 17, 2006 email which stated:

> [Piubeni] testified that around 1,500,000 (500,000 per year) unsolicited faxes were sent between 2000 and 2003, with the number per year getting larger each year . . . . Based upon Piubeni's testimony, I will prepare a judgment in the amount of

---

[2] Before Cooper filed this motion, the parties sufficiently met and conferred to discuss the disputed discovery issue.  LR 37.1.

ORDER ~ 8

> $750,000,000 . . . . Once we have the judgment in hand, we can
> begin the task of either convincing the insurance company that
> there is coverage or litigating the coverage issue with them.

(ECF No. 359, at 8; *see also* ECF Nos. 360, Exs. 3-4.) In the Underlying Action, Ms. Wetherald was also listed as counsel of record in the signature block of Cooper's Motion for Entry of Second Supplemental Judgment filed on January 29, 2008. (ECF No. 360, Ex. 2.)

2.  <u>Standard</u>

Under Federal Rule of Civil Procedure 30, "a party may take the testimony of any person." Fed. R. Civ. P. 30(a)(1). Accordingly, the federal rules do not specifically exempt counsel. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247 (D. Kan. 1995). Yet, based in part on Rules 26(b)(3)(B) and 45(c)(3)(A)(iii), case law has placed the burden of establishing the propriety of taking opposing counsel's deposition on the requesting party. *See Shelton v. Am. Motors Corp.*, 805 F. 22d 1323, 1327 (8th Cr. 1985); *see also Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Cal. 1998) (noting that *Shelton* "is generally regarded as the leading case on attorney depositions"). The requesting party must establish that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327 (internal citation omitted). This discovery limitation does not apply, however, if a party seeks to depose opposing counsel regarding a concluded lawsuit, the information regarding the concluded lawsuit is crucial to the current lawsuit, and the deposition will not disclose

ORDER ~ 9

current litigation strategy. *Pamida v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002).

### 3. Authority and Analysis

Consistent with the Court's prior ruling, Utica may discover Cooper's settlement discussions and the understandings underpinning its settlement negotiations in the Underlying Action to ascertain whether Cooper was willing to settle for policy limits. (ECF No. 329.) Although Cooper submits that Ms. Wetherald was not counsel of record in the Underlying Action, there is a reasonable question as to her involvement in settlement discussions and negotiations and her knowledge of her case. Ms. Wetherald was cc'd on emails relating to settlement before the state court's first entry of judgment in March 2007. Ms. Wetherald clearly has relevant and non-privileged information that is crucial to Utica's case preparation. Yet, Utica may be able to obtain this information without deposing Ms. Wetherald: Utica is to first resume the depositions of Messrs. Griffin, Schoepflin, and Willamson, who were counsel of record in the Underlying Action.

Accordingly, Cooper's motion is granted and denied in part. Ms. Wetherald is not to be deposed at this time regarding her involvement in the Underlying Action. However, if Utica deems it necessary, it may seek leave to take her deposition after completing the depositions of Messrs. Griffin, Schoepflin, and Willamson.

**C.  Cooper's Motion to Compel**

Cooper asks the Court to require Utica to provide a supplemental response to written discovery regarding Utica's communications with Mr.
///

ORDER ~ 10

Piubeni.[3] Utica opposes the motion and also asks the Court to award it its reasonable attorneys' fees and costs.

1. Background

Cooper previously-served Utica with First Request for Interrogatory No. 15, which asked Utica to:

> Identify each and every communication that any employees or agents of your company, including without limitation, Paul Walters and/or Mike Marley, <u>had</u> with Paul Piubeni after you first received notice of the underlying action. For each communication, identify:
> (a) Whether it was oral or written;
> (b) When, where and between whom it took place;
> (c) The substance of the communications; and
> (d) All documents that evidence or relate to such communication

(ECF No. 346, Ex. 2 (emphasis added.)) Utica provided the following response:

> On April 21, 2006, Mr. Walters sent a letter declining coverage. On May 3, 2006, after Utica had reconsidered its position, Mr. Walters sent a reservation of rights letter. *See* UCF 000074.
>
> On July 21, 2006, Utica underwriting mailed a Notice of Nonrenewal to Lifequotes. *See* UUF 00003.
>
> On or about August 1, 2006, Utica underwriting received a letter from Mr. Piubeni of "PJP Insurance Services, Inc. (formerly LifeQuotes)" requesting cancellation effective August 1,2006. *See* UUF 000050.

---

[3] Before Cooper filed the motion, the parties sufficiently met and conferred regarding this discovery dispute. LR 37.1. Initially, Cooper also asked the Court to require Utica to produce documents on its privilege log dated May 1, 2006, and June 2006. Cooper withdrew this request in its Reply. Accordingly, the Court does not address it.

ORDER ~ 11

> On or about August 3, 2006, Utica underwriting sent a Notice of Cancellation. *See* UUF 000002.
>
> During the specified time period, no other communications have been had with Mr. Piubeni by the underwriting department or by the "coverage" side of the claim department. Regarding the "liability defense" side of the claim department, the interrogatory seeks work product and Utica incorporates its response to Request for Production No. 1.

*Id.*

Cooper also sent a set of Requests for Production (RFP). RFP No. 3 asked Utica to produce "[a]ll documents identified in response to Defendant Jerry Cooper's First Interrogatories to Defendant [sic] Utica Mutual." (ECF No. 346, Ex. 3.) Utica provided the following response: "Subject to the specific responses and objections to those interrogatories, said documents already have been or are being produced." *Id.*

On March 16, 2009, the Court granted Cooper's Motion to Compel Disclosure of Redacted Claims File Documents, which required Utica to disclose the communications that LifeQuotes and Mr. Piubeni had with Utica. (ECF No. 179.)

In fall 2010, before Mr. Piubeni had been deposed, Utica filed a Declaration of Mr. Paul J. Piubeni dated September 29, 2010. (ECF No. 313.) After reviewing this declaration, Cooper asked Utica to supplement its responses to Interrogatory No. 15 and RFP No. 3:

> particularly as to all communications between Utica and Mr. Piubeni, either as an individual or as the principal of Lifequotes, through the present. Should Utica withhold any responsive documents on grounds of privilege or work product, Cooper asks that Utica supplement its privilege logs to include all of the documents withheld, including those post-dating entry of the third judgment in the Underlying Action.

ORDER ~ 12

(ECF No. 346-1 at 9-10.) Utica declines to supplement its response, contending that it disclosed all communications that it had with Mr. Piubeni before the discovery was served and related documents.

   2.   Standard

A district court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Moreover, pretrial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). A party may object to a request for production; however, the grounds for objection must be stated with specificity. Fed. R. Civ. P. 34(b)(2). Absent a valid objection, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discovery of admissible evidence." *Id*. 26(b)(1). This broad discovery right is based on the general principle that litigants have a right to "every man's evidence," and that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). And a party has a duty to supplement or correct its disclosure or response in a timely manner. Fed. R. Civ. P. 26(e).

   3.   Analysis and Authority

Cooper elected to utilize the word "had" in Interrogatory No. 5. The Court finds Utica sufficiently answered Interrogatory No. 5 as phrased; Utica only has a duty to supplement its response to Interrogatory No. 5 and RFP No. 3 if it discovers additional communications that it "had" with Mr. Piubeni before receiving

Interrogatory No. 5.  Accordingly, the Court **denies** Cooper's motion. Cooper is permitted, however, to depose Mr. Piubeni regarding all conversations that he has had with Utica.  The Court declines to grant Utica's request for reasonable attorneys' fees and costs.

**D.    Utica's Motion for Sanctions**

Utica asks the Court to sanction Cooper for failing to comply with the Court's Order requiring Cooper to provide settlement-related information by refusing to allow Utica to resume the depositions of Cooper's counsel in the Underlying Action, Messrs. Griffin, Schoepflin, and Williamson, and provide timely and complete documents containing settlement-related information.[4]  For its failures, Utica asks the Court to compel Cooper to provide the information and award Utica its incurred attorneys' fees and expenses or enter a finding that Cooper would not have settled the underlying class action for an amount less than or equal to the applicable limit of Utica's policies.  Cooper opposes the motion, contending that it fully complied with the Court's December 22, 2010 Order.

   1.   Background

On January 28, 2009, Cooper provided a supplemental privilege log that identified "co-counsel communication re settlement negotiations" documents as privileged.  (ECF No. 264, Ex. 7.)  The following were entries on the privilege log:

---

[4] The parties may have benefited from additional conferring prior to Utica filing this motion.  However, the Court finds the record sufficient to rule on the motion.

ORDER ~ 14

- August 6 & 7, 2006 Emails among Griffin, Williamson, Schoepflin, & Hugg, COKRST06448-51 / 7202-05
- January 10, 2007 Email - Griffin to Wetherald, COKRST07262-74 / 7868-80
- January 10, 2007 Emails among Williamson, Griffin, & Schoepflin, COKRST06504-07 / 7258-61
- January 31, 2007 Email - Griffin to Schoepflin, COKRST06522
- September 7, 2007 Email(s) - Griffin to Wetherald, Falecki, Schoepflin, COKRST06589 / 7354-55
- August 19, 2008 Email(s) - Schoepflin to Falecki, Wetherald, COKRST 06958-62 / 6967-7050 / 7053-7064 / 8213-8296 / 8299- 8312

(ECF No. 352.)

In May 2010, Utica deposed Cooper's attorneys of record in the Underlying Action: Messrs. Williamson, Griffin, and Schoepflin. During each of these depositions, Ms. Wetherald objected to questions relating to LifeQuotes' exposure and settlement values on the grounds that the topics were irrelevant to this declaratory judgment action. (ECF No. 374, Exs. 1-3.) Messrs. Williamson, Griffin, and Schoepflin did not answer questions on these topics. (ECF No. 352-3-5.) The depositions were suspended.

On November 9, 2010, the Court heard oral argument on Utica's Motion to Compel (ECF No. 262). The Court orally granted the motion, and on December 22, 2010, entered an Order memorializing and supplementing its oral ruling. (ECF No. 329 at 8-9.) The Order granted Utica's request to "require Cooper to produce 1) information related to Cooper's willingness to settle for the $2,000,000 policy limits in the state-court action, and 2) Cooper's settlement valuations." *Id.*

On December 16, 2010, Cooper produced approximately 103 pages of settlement-related materials. (ECF No. 352, Ex. 8.) These emails, letters, and documents contain redactions. Cooper produced its privilege

ORDER ~ 15

log on December 28, 2010. *Id*. Ex. 9. And on January 12, 2011, Cooper asked the Court to address the status of the contested depositions in an upcoming hearing. (ECF No. 340.) Utica filed the instant motion on January 14, 2011. (ECF No. 349.)

2. Standard

As discussed above, the Court has wide discretion in controlling discovery. *See Little*, 863 F.2d at 685. And this Court's general discovery philosophy is more rather than less, and sooner rather than later.

3. Authority and Analysis

As discussed above, the Court allows Utica to resume the depositions of Messrs. Griffin, Williamson, and Schoepflin; each individual may be deposed for a *total* of seven hours. The Court denies, with leave to renew, Utica's request for Cooper to provide unredacted versions of the recently-disclosed settlement information. After taking the depositions, Utica may renew its request for unredacted versions.

The Court declines to impose financial or evidentiary sanctions at this time. Ms. Wetherald's objections at the depositions were proper: at the time of the May 2010 depositions, she reasonably believed that settlement-related information was protected by either the attorney-client privilege or work product. Following the resumed depositions, Utica may renew its request for sanctions if there is obstructive behavior during the deposition or the remainder of the discovery process.

**E.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

ORDER ~ 16

1.  Defendant Cooper's Motion for Protective Order Re: Rule 30(b)(6) Deposition of Jerry Cooper, Inc., d/b/a/ Color One Photolab **(ECF No. 317)** is **GRANTED AND DENIED IN PART.**

2.  Cooper's Motion for Protective Order **(ECF No. 335)** is **GRANTED AND DENIED IN PART.**

3.  Cooper's Motion to Compel **(ECF No. 344)** is **DENIED.**

4.  Utica's Motion for Sanctions **(ECF No. 349)** is **DENIED WITH LEAVE TO RENEW.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to all counsel.

**DATED** this 10th day of February 2011.

                     s/Edward F. Shea
                     EDWARD F. SHEA
                 United States District Judge

Q:\Civil\2006\0228.feb.2011.disc.wpd

ORDER ~ 17