UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>LIFEQUOTES OF AMERICA, INC., and JERRY COOPER, INC., d/b/a COLOR ONE PHOTOLAB,<br><br>    Defendants. | NO. CV-06-0228-EFS<br><br>**ORDER RULING ON MOTIONS TO BE HEARD ON MAY 23, 2011** |

Before the Court, without oral argument, are Utica Mutual Insurance Co.'s ("Utica") Motion for Summary Judgment that Counterclaimant Jerry Cooper, Inc.'s ("Cooper") Lacks Standing, ECF No. 385; Cooper's Motion for Leave to Amend and Supplement Counterclaim, ECF No. 399; Cooper's Motion to Exclude Certain Testimony of Linda S. Bowen, ECF No. 403; and Cooper's Motion to Exclude Testimony of Steven Wolf, ECF No. 406. After reviewing the submitted material and relevant authority, the Court is fully informed. As explained below, the Court denies Utica's motion and grants Cooper's motions.

**A.  Utica's Motion for Summary Judgment that Counterclaimant Cooper Lacks Standing**

Utica asks the Court to find that Cooper fails to establish it has standing to assert claims against Utica because the underlying state-

ORDER ~ 1

court litigation against Lifequotes was void given the automatic bankruptcy stay. Cooper believes it has standing.

Consistent with the Court's prior ruling that the underlying state-court post-bankruptcy-dismissal litigation actions are not void, ECF No. 329 at 10-11, the Court finds Cooper has standing. Cooper established it purchased Lifequotes' claims at a valid sheriff's sale because the state-court amended complaint and judicially-approved settlement all followed the dismissal of the bankruptcy action based on Lifequotes' non-compliance with a bankruptcy-court order. A key fact is that the state-court amended complaint was filed *after* the bankruptcy action was dismissed, *In re Doherty*, 229 B.R. 461, 463 (Bankr. E.D. Wash. 1999) ("When a [bankruptcy] case is dismissed, the automatic stay terminates immediately upon the docketing of the dismissal order."). Accordingly, the amended complaint superseded the earlier complaint, which was filed during the automatic bankruptcy stay. Although no action could be taken on the state-court complaint filed during the automatic bankruptcy stay, judicial economy does not require a civil plaintiff to open a new civil case following the termination of the bankruptcy stay; rather, the civil plaintiff may file an amended complaint in the previously-stayed civil case following the termination of the bankruptcy stay.

Accordingly, the state court's actions following the filing of the amended complaint, and the subsequent sheriff's sale during which Cooper purchased Lifequotes' claims, are valid. Therefore, Cooper has standing, and Utica's motion is denied.

**B.   Cooper's Motion for Leave to Amend and Supplement Counterclaim**

Pursuant to Federal Rule of Civil Procedure 15, Cooper seeks leave to amend and supplement its counterclaim against Utica to conform to the

ORDER ~ 2

discovery and the case's posture. Utica opposes the motion, contending that Cooper's motion is untimely, the proposed amendments dramatically alter Cooper's current declaratory-relief claims, and the proposed amendments are futile.

Rule 15 governs amendment of pleadings. "A party may amend the party's pleading . . . [after a responsive pleading is served] only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* Rule 15 is to be applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Not all of the factors merit equal weight. *Eminence Capital, LLC*, 316 F.3d at 1052. In fact, prejudice to the opposing party is given the most consideration, *id.*; while, delay alone is an insufficient reason to deny the motion to amend. *Loehr v. Ventura Cnty. Cmty Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052; *see Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).

A party may also supplement a pleading to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Leave to supplement

"may be granted even though the original pleading is defective in its statement of a claim for relief or defense." *Id.* Because the purpose of Rule 15(d) is to "promote as complete an adjudication of the dispute between the parties as is possible," leave "should be granted unless undue prejudice to the opposing party will result." *LaSalvia v. United Dairymen*, 804 F.2d 1113, 1119 (9th Cir. 1986).

The Court finds that it and the parties, including Utica, will be best served by the Court granting Cooper leave to amend and supplement its answer and counterclaims at this time. Cooper's three current counterclaims seek declaratory relief: that Utica 1) breached its obligations under the insurance contract, 2) violated its duty of good faith and fair dealing, and 3) violated the Washington Consumer Protection Act (CPA). Cooper now seeks to assert breach of contract, breach of good faith and fair dealing, and CPA violation claims. Utica contends these modifications will unfairly prejudice it because the declaratory-relief counterclaims did not seek damages. The Court disagrees. Although the current counterclaims are styled as seeking declaratory relief, they also seek damages if declaratory relief is found in Cooper's favor. *See Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998) (discussing a lawsuit seeking declaratory relief, and inferentially damages, related to an insurance contract). Accordingly, Cooper's decision to restyle the counterclaims does not change the fundamental nature of Cooper's counterclaims or prejudice Utica's ability to defend itself. Nor will the proposed amended counterclaims and supplemented alleged facts, which were learned during discovery, significantly impact the pending summary-judgment motions or delay the November 2011 trial.

ORDER ~ 4

Further, the Court finds no undue delay, bad faith, or dilatory motive by Cooper. Yet, Utica will be prejudiced by incurring additional fees and costs when responding to the proposed amended answer and counterclaims. Therefore, if Cooper elects to file the proposed amended answer and counterclaims, it is required to pay Utica's incurred reasonable attorneys fees and costs related to responding to it. With this requirement, Cooper's motion is granted.

**C.   Cooper's Motion to Exclude Certain Testimony of Linda S. Bowen**

On May 19, 2010, Cooper disclosed John Moyer's expert report detailing his opinions about Washington's insurance-claims-handling standards and Utica's failure to comply with those standards. To rebut Mr. Moyer's opinions, Utica produced a report by Linda S. Bowen. Ms. Bowen's "rebuttal to Mr. Moyer [was] . . . directed to responding to the opinions and commentary offered by Mr. Moyer with respect to the process and decisions undertaken by Utica in its handling of the underlying Lifequotes claim and whether that process and those decisions were reasonable." ECF No. 408-2 at 22.

Cooper asks the Court to prevent Ms. Bowen from testifying on matters that 1) invade the jury's province, 2) invade the Court's province, 3) reference Utica's reliance on advice of counsel, 4) are beyond her experience, and 5) exceed rebuttal of Mr. Moyer's expert opinions. Utica submits that Ms. Bowen's opinions do not invade the jury or the Court's provinces, simply reference that Utica personnel contacted counsel (not sufficient to indicate reliance on counsel), are based on her knowledge and experience, and properly rebut Mr. Moyer's offered opinions.

ORDER ~ 5

To prevail on its counterclaim that Utica breached the duty of good faith and fair dealing ("bad-faith counterclaim"), Cooper must establish that Utica's bad faith was "unreasonable, frivolous or unfounded." *Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 161 Wn.2d 903, 916 (2007). It is the jury's role to make this reasonableness determination. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 395 (1992). And it is the Court's role to instruct the jury as to the applicable legal standards.

Yet, Ms. Bowen's report states: "For all the reasons advanced throughout this report, I believe Utica acted *reasonably* and in accordance with accepted claims handling custom and practice in Washington." ECF No. 408-2 at 61 (emphasis added). Ms. Bowen may not so testify as to the reasonableness of Utica's conduct. Her testimony is limited to whether, based on her knowledge and experience, she believes Utica's conduct conforms to the standards and practices of Washington's insurance industry. She may not opine whether Utica acted reasonably: this is a question for the jury. *See Nationwide Trans. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (allowing expert to testify about industry standards and practices but not about the ultimate issue of fact). And the Court will instruct the jury on Washington's insurance-industry standards. Further, Ms. Bowen may not testify regarding her opinions on insurance public-policy issues because she was not identified as an expert on such public-policy issues and Mr. Moyer is not providing such opinions. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (restricting rebuttal testimony to that "intended solely to contradict or rebut evidence on the same subject matter identified by another" party's

ORDER ~ 6

expert).  In addition, because Utica advised that it will not assert an advice-of-counsel defense and therefore did not produce discovery related to such a defense, Ms. Bowen may not testify that Utica employees consulted counsel: such testimony would allow the jury to unfairly speculate that Utica relied on counsel's advice.  *See* ECF No. 329 at 3; *Lexington Ins. Co. v. Swanson*, 2007 WL 2121730, 4 (W.D. Wash. 2007) (unreported) ("If Lexington asserts as a defense the actual advice given by Lexington's attorneys to Lexington, *or* if Lexington refers to or attempts to put into evidence any suggestion that Lexington's adjusters sought, obtained, or relied on coverage counsel's advice, Lexington waives the [attorney-client] privilege.").

With these limitations as its guide, Utica is allowed to call Ms. Bowen to rebut Mr. Moyer's claims-handling opinions.  In summary, Cooper's motion is granted, with leave to renew specific trial objections.

**D.    Cooper's Motion to Exclude Testimony of Steven Wolf**

Cooper asks the Court to restrict Utica from presenting any testimony from Steven A. Wolf because Cooper is no longer calling the expert witness whom Mr. Wolf was retained to rebut.  Utica opposes the motion, submitting that it properly disclosed Mr. Wolf as a rebuttal expert because Utica is relying on his testimony to rebut the presumption that Cooper was harmed by Utica's alleged bad faith.[1]

---

[1] Utica disputes whether the presumption of harm applies to the bad faith claim under the facts of this case; the Court will address this issue in July 2011.

ORDER ~ 7

The Court determines that Utica mistakenly conflates the term "rebut" under Washington's bad-faith cause of action, *see Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 562 (1998), with "rebut" under Rule 26(a)(2)(D)(ii). Under Rule 26(a)(2)(D)(ii), a party may identify a rebuttal expert "if the evidence is intended solely to contradict or rebut *evidence* on the same subject matter identified by another party under 26(a)(2)(B) or (C)." (Emphasis added.) Rule 26(a)(2)(D)(ii) focuses on rebutting evidence offered by another party's expert witness, while Utica's position focuses on rebutting a legal presumption. If Utica wanted to call Mr. Wolf to provide testimony (evidence) to assist the jury in determining whether the rebuttable presumption of harm should not apply, Utica was to identify Mr. Wolf in its initial expert disclosures. Utica did not. Utica disclosed Mr. Wolf as a rebuttal-expert witness; and Mr. Wolf's report itself states that he was asked "to evaluate the opinions expressed by" Mr. Munding and "assess Mr. Munding's opinion that Lifequotes suffered both monetary and non-monetary harm as a result of the alleged conduct by Utica as set forth in his report." ECF No. 408-4 at 122-23. Accordingly, because Mr. Wolf was identified solely to contradict or rebut evidence to be presented by withdrawn-expert Mr. Munding and there is no substantial justification for Utica's decision to not disclose Mr. Wolf in their initial-expert disclosures, the Court grants Cooper's motion.

**E.  Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED**:

1.  Utica's Motion for Summary Judgment that Counterclaimant Cooper Lacks Standing, **ECF No. 385**, is **DENIED**.

ORDER ~ 8

2.   Cooper's Motion for Leave to Amend and Supplement Counterclaim, **ECF No. 399**, is **GRANTED**.  If Cooper is to file it proposed amended answer and counterclaims, it must do so **no later than May 24, 2011**.  Within **one week of filing its response** to Cooper's pleading, Utica is to submit a motion for attorney fees and costs related to its responsive pleading.

3.   Cooper's Motion to Exclude Certain Testimony of Linda S. Bowen, **ECF No. 403**, is **GRANTED**.

4.   Cooper's Motion to Exclude Testimony of Steven Wolf, **ECF No. 406**, is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to all counsel.

**DATED** this    20th    day of May 2011.

                                  S/ Edward F. Shea
                                  EDWARD F. SHEA
                          United States District Judge

Q:\Civil\2006\0228.may.23.2011.motions.wpd

ORDER ~ 9